IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
MARGARET T. ALLEN, et al.,   )
                             )
    Plaintiffs,              )
                             )
BOARD OF TRUSTEES FOR        )
ALABAMA STATE UNIVERSITY,    )
et al.,                      )
                             )
    Plaintiff-Intervenors,   )
                             )
    v.                       )   CIVIL ACTION NO.
                             )     2:81cv697-MHT
THE ALABAMA STATE BOARD OF   )         (WO)
EDUCATION, et al.,           )
                             )
    Defendants.              )
```

## JUDGMENT

Paragraph 31 of the second amended consent decree (doc. no. 709), as amended (doc. no. 722), provides in part as follows:

> "Duration and Termination of Decree. The Court shall retain jurisdiction over this matter to monitor and enforce the defendants' compliance with the terms of this Decree to the extent necessary. If defendants choose under Article Two of this decree to use subject matter tests for initial teacher certification

decisions, and/or for purposes of making 'highly qualified' determinations simultaneously or in conjunction with initial teacher certification, this Decree shall be extended until such time as all subject matter tests have been fully implemented, at which time this action shall be placed on the Court's administrative inactive docket. It is anticipated that the subject matter tests will 'go live' approximately one year after the effective date of this Decree. After implementation of subject-matter tests and twenty-four months of live consequential use of the subject matter tests following the No-Fault Period, ASDE shall undertake a review of the subject matter and basic skills tests, including the following issues:

    (a) the continued appropriateness of the test content;

    (b) the continued appropriateness of the cut score;

    (c) any changes in state and federal regulations, the state teaching and student standards, student curricula, or other relevant factors in the teacher licensure context; and

    (d) candidate performance on the subject matter tests.

After undertaking such review, the Defendants shall report the results

> thereof to all parties and the Monitoring Committee. Thereafter, within 30 days of ASDE's report, any party may move the Court to reinstate the action to the active docket for the resolution of relevant issues related to the matters listed in subparagraphs (a) through (d), above, with respect to either basic skills or subject matter tests. If no such motion is filed within 30 days of ASDE's report, then (1) this action shall be dismissed with prejudice, and (2) this decree shall be terminated in its entirety, including as to both basic skills and subject matter testing."

No party having moved to reinstate this case to the active docket within the time allowed pursuant to the above provision and based on the representations made to the court on January 11 and 26, 2010, it is the ORDER, JUDGMENT, and DECREE of the court that, with the exception of attorneys' fees and costs, all consent decrees and orders are terminated and this lawsuit is dismissed with prejudice.

It is further ORDERED that the plaintiffs and the plaintiff-intervenors are allowed 45 days from the date of this judgment to file any request for attorneys' fees

and costs or to inform the court that the issue of attorneys' fees and costs has been resolved.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE, this the 27th day of January, 2010.

                                 <u>/s/ Myron H. Thompson</u>
                                 UNITED STATES DISTRICT JUDGE